

SEP - 8 2021
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:21-cr-105 |
| v. | 18 U.S.C. § 1956(h)<br>Conspiracy to Commit Money Laundering<br>(Count 1) |
| SAUVEUR BLANCHARD JR., | |
| *Defendant.* | 18 U.S.C. § 1956(a)(1)(B)(i)<br>Money Laundering<br>(Counts 2-5) |
| | Forfeiture Allegation |

## **INDICTMENT**
### July 2021 Term – Richmond, Virginia

THE GRAND JURY CHARGES THAT:

### Introductory Allegations

At all times material to this Indictment, unless otherwise stated:

1. Defendant SAUVEUR BLANCHARD JR. ("BLANCHARD") was a resident of Virginia.

2. Tropi, LLC ("Tropi") was a Florida limited liability company formed in or about June 2012. BLANCHARD was listed on Florida Secretary of State records as the sole member and President of the company.

3. Joint Guardian, LLC ("Joint Guardian") was a Florida limited liability company formed in or about January 2017. BLANCHARD was listed on Florida Secretary of State records as the sole member and manager of the company.

4. Support Warrior Project, Inc. ("Support Warrior") was a Florida corporation formed in or about March 2015. BLANCHARD was listed on Florida Secretary of State records as President, Treasurer, Secretary, and Director of the corporation.

5. Tropi, Joint Guardian, and Support Warrior are collectively referred to as the "Blanchard Sham Entities."

6. Financial Institutions 1, 2, 3 and 4 were financial institutions that were engaged in interstate commerce.

7. On or about September 19, 2019, BLANCHARD caused to be opened an account at Financial Institution 1 in the name of Tropi (the "Tropi Financial Institution 1 Account").

8. On or about September 21, 2019, BLANCHARD caused to be opened an account at Financial Institution 2 in the name of Support Warrior (the "Support Warrior Financial Institution 2 Account").

9. On or about November 18, 2019, BLANCHARD caused to be opened an account at Financial Institution 1 in the name of Joint Guardian (the "Joint Guardian Financial Institution 1 Account").

10. On or about August 21, 2020, BLANCHARD caused to be opened an account at Financial Institution 3 in the name of BLANCHARD (the "BLANCHARD Financial Institution 3 Account").

11. On or about November 25, 2020, in the Eastern District of Virginia, BLANCHARD caused to be opened an account at Financial Institution 4 in the name of BLANCHARD (the "BLANCHARD Financial Institution 4 Account").

12. On or about June 8, 2020, BLANCHARD caused to be opened an account in the name of BLANCHARD at Trading Firm 1 (the "BLANCHARD Trading Firm 1 Account"), a firm that enabled individuals to engage in online trading of securities.

13. In or about February 2017, BLANCHARD caused to be opened an account in the name of BLANCHARD at Financial Platform 1 (the "BLANCHARD Financial Platform 1

Account") through which individuals could transfer money from bank accounts, engage in peer-to-peer ("P2P") transactions, and invest in financial instruments including cryptocurrency.

## Count One
## Conspiracy to Commit Money Laundering
## (Violation of 18 U.S.C. § 1956(h))

14. Paragraphs 1-13 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

15. From in or around September 2019, and continuing through at least in or around June 2020, in the Eastern District of Virginia, and elsewhere, the defendant,

**SAUVEUR BLANCHARD JR.,**

did knowingly and intentionally, that is, with the intent to further the objects of the conspiracy, combine, conspire, confederate, and agree with persons known and unknown to the Grand Jury,

a. to conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce involving the proceeds of a specified unlawful activity, namely, wire fraud, a violation of 18 U.S.C. § 1343, and health care fraud, a violation of 18 U.S.C. § 1347, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

b. to knowingly engage in and attempt to engage in a monetary transaction by, through, and to a financial institution affecting interstate and foreign commerce in criminally derived property of a value greater than $10,000, and such property having been derived from specified unlawful activity, namely, wire fraud, a

violation of 18 U.S.C. § 1343, and health care fraud, a violation of 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1957.

## Purpose of the Conspiracy

16. It was a purpose of the conspiracy for BLANCHARD and his co-conspirators to unlawfully enrich themselves and others by (a) depositing and transferring the proceeds of a scheme to defraud a health care benefit program; (b) concealing the nature, location, source, ownership, and control of the proceeds; and (c) diverting and spending fraud proceeds for the personal use and benefit of the defendant and his co-conspirators.

## Manner and Means of the Conspiracy

17. The manner and means by which BLANCHARD and his co-conspirators sought to accomplish the purpose of the conspiracy included, among other things, the following acts, in the Eastern District of Virginia and elsewhere:

   a. Defendant BLANCHARD maintained active registrations for the Blanchard Sham Entities in order to open and use bank accounts in their names.

   b. Defendant BLANCHARD opened, maintained, and used, and caused to be opened, maintained, and used, bank accounts in the names of the Blanchard Sham Entities, including accounts at financial institutions with branches in the Eastern District of Virginia.

   c. Defendant BLANCHARD did not conduct legitimate business activity in the Blanchard Sham Entities' bank accounts.

   d. Defendant BLANCHARD provided bank account information for the accounts of the Blanchard Sham Entities to others for the purpose of receiving the proceeds of a fraudulent scheme that targeted, through the use

of interstate wire communications, a health care benefit program as defined by 18 U.S.C. § 24(b) (the "Fraud Scheme").

e.  Defendant BLANCHARD communicated with co-conspirators by interstate wire and caused the co-conspirators to arrange for the deposit of proceeds of the Fraud Scheme into the Tropi Financial Institution 1 Account.

f.  After the proceeds of the Fraud Scheme were deposited into the Tropi Financial Institution 1 Account, BLANCHARD and his co-conspirators (i) transferred and caused the transfer of proceeds, in the form of cashier's checks, wire transfers, and electronic transfers, to the Joint Guardian Financial Institution 1 Account, the Support Warrior Financial Institution 2 Account, the BLANCHARD Trading Firm 1 Account, and other accounts owned and controlled by BLANCHARD; (ii) withdrew and caused the withdrawal of cash; and (iii) purchased retail items for personal use.

All in violation of 18 U.S.C. § 1956(h).

Counts Two through Five
Laundering of Monetary Instruments
(Violations of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2)

18.  Paragraphs 1-13 and 17 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

19.  On or about the dates set forth below, in the Eastern District of Virginia, and elsewhere, the defendant,

**SAUVEUR BLANCHARD JR.,**

knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, did conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce and involving the proceeds of specified unlawful activity,

5

namely, wire fraud, a violation of 18 U.S.C. § 1343 (for Counts 2-5), and/or health care fraud, a violation of 18 U.S.C. § 1347 (for Counts 2-4), knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity:

| Count | Approximate Date of Transaction | Account | Approximate Amount | Description of Financial Transaction |
|---|---|---|---|---|
| 2 | 6/5/2020 | Joint Guardian Financial Institution 1 Account | $55,000 | Deposit of cashier's check into account |
| 3 | 6/9/2020 | Joint Guardian Financial Institution 1 Account | $5,000 | Electronic transfer to Support Warrior Financial Institution 2 Account |
| 4 | 6/10/2020 | Joint Guardian Financial Institution 1 Account | $5,000 | Electronic transfer to BLANCHARD Trading Firm 1 Account |
| 5 | 12/9/2020 | BLANCHARD Financial Platform 1 Account | $1,100 | Purchase of cryptocurrency |

Each in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2.

## FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

20. The allegations of this Indictment are realleged and incorporated by reference as though fully set forth herein.

21. Pursuant to Rule 32.2 Fed. R. Crim. P., upon conviction for any of the offenses alleged in Counts One through Five, the defendant, SAUVEUR BLANCHARD JR., shall forfeit to the United States any property, real or personal, involved in such offense or any property traceable to such property.

22. Property subject to forfeiture includes, but is not limited to, the following:

The sum of $83,000, representing the proceeds the defendant personally obtained as a result of the offenses of conviction.

23. If property subject to forfeiture cannot be located, the United States will seek an order forfeiting substitute assets, pursuant to 21 U.S.C. §853(p).

(All in accordance with Title 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Section 853(p)).

A TRUE BILL

FOREPERSON

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office

RAJ PAREKH
ACTING UNITED STATES ATTORNEY

KEVIN ELLIKER
Assistant United States Attorney

JOSEPH S. BEEMSTERBOER
ACTING CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

ALLAN MEDINA
DEPUTY CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S DEPARTMENT OF JUSTICE

GARY A. WINTERS
CHRISTOPHER A. WENGER
Trial Attorneys
Criminal Division, Fraud Section
1400 New York Avenue, NW
Washington, D.C. 20005
Telephone:  202.598.2382
Email:  Gary.Winters@usdoj.gov
        Christopher.Wenger@usdoj.gov